# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THE MORTGAGE STORE, INC.,<br><br>Debtor. | Case No. 10-03454<br>(Chapter 7) |
| DANE S. FIELD,<br><br>Plaintiff,<br><br>v.<br><br>THE MANO MANAGEMENT TRUST, et al.,<br><br>Defendants. | Adversary Proceeding No. 12-90089<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION FOR SUMMARY JUDGMENT ON COUNT I, AND MOTION FOR RULE 54(b) CERTIFICATION**<br><br>Related Docket Nos. 11 and 52 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING MOTION FOR SUMMARY JUDGMENT ON COUNT I
AND MOTION FOR RULE 54(b) CERTIFICATION**

On February 22, 2013, Plaintiff Dane S. Field, Trustee for The Mortgage Store, Inc. ("The Mortgage Store," or the "Debtor"), by and through counsel, filed, together with Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Counts II-V of the Complaint, at Docket No. 11, a Countermotion for Judgment on the Pleadings in Favor of Plaintiff, as to Count I of the Complaint (the "Countermotion"). At the hearing on the Motion to Dismiss,

52219

the Court and the parties agreed to treat the Countermotion as a motion for summary judgment, and set a separate briefing schedule and hearing. Defendants filed an opposition memorandum, at Docket No. 36; and Plaintiff filed a reply memorandum, at Docket No. 38, and a separate concise statement with supporting exhibits and a declaration, at Docket No. 39. A hearing was held on the Motion for Summary Judgment on May 24, 2013, before the Honorable Robert J. Faris, United States Bankruptcy Judge. Simon Klevansky and Nicole D. Stucki appeared on behalf of the Plaintiff. Christopher Muzzi appeared on behalf of the Defendants.

At the hearing, the Court found in favor of Plaintiff, and indicated that it would submit Proposed Findings of Fact and Conclusions of Law to the United States District Court for final determination; but that it would entertain further briefing and argument with respect to whether Rule 54(b) certification should be granted. This issue was separately briefed, at Docket Nos. 52, 55 and 57, and a hearing was held on July 26, 2013, before the Honorable Robert J. Faris. At that hearing, Simon Klevansky appeared on behalf of Plaintiff; and Christopher Muzzi appeared on behalf of the Defendants. The Court again found in favor of Plaintiff, and indicated that this finding would be included in the Proposed Findings of Fact and Conclusions of Law to be submitted with respect to the Motion for Summary Judgment.

GOOD CAUSE APPEARING THEREFOR, and pursuant to 28 U.S.C. §157(c), the Court submits these Proposed Findings of Fact and Conclusions of Law to the United States District Court for the District of Hawaii for entry of final judgment as to: 1) the Motion for Summary Judgment, and 2) the Motion for Rule 54(b) Certification as to Count I.

## FINDINGS OF FACT

The Court has considered the Motion for Summary Judgment and responsive briefing, and the Motion for Rule 54(b) Certification and responsive briefing, and has heard the arguments of counsel at the hearings, and finds as follows:

1. The instant adversary proceeding concerns the collection of a $425,775.89 judgment (the "Judgment Amount") entered in <u>Field v. Lindell</u>, Adv. Proc. No. 10-03454, against Mano-Y & M, Ltd. ("Mano-Y & M"), on November 9, 2012, for a fraudulent transfer.

2. Mano-Y & M did not pay the judgment, and informed the Trustee's counsel that it had no assets and was unable to pay.

3. Mano-Y & M is a limited partnership, formed in the state of Texas.

4. Defendant The Mano Management Trust is the general partner of Mano-Y & M. The remaining defendants are the limited partners of Mano-Y &

52219

- 3 -

M, their principals, and related entities, who are alleged to have benefitted from the avoided transfer, directly and indirectly.

5. Count I of the original and amended complaint alleges that, as the general partner of Mano-Y & M., The Mano Management Trust is liable for Mano-Y & M's debts. No other defendants are named in Count I, and no other allegations are raised.

8. Counts II through V of the Complaint involve allegations of fraudulent transfer against various defendants, which allegations are factually dissimilar to the allegations in Count I.

11. Defendants and have admitted, in their Answer, that The Mano Management Trust is Mano-Y & M's general partner.

12. Defendants also offered no substantive argument, in briefing or at oral argument, to refute Plaintiff's allegation that the general partner of a limited partnership is liable for the partnership's debts.

13. There is no just cause for delay the entry of a final judgment on Count I.

## **CONCLUSIONS OF LAW**

1. Because Mano-Y & M was formed under Texas law, Texas law governs the liability of general partners for partnership debts.

2. Under Texas law, the general partner of a limited partnership is liable for the partnership's debts. Texas V.T.C.A., Business Organizations Code § 153.152(b); Asshauer v. Wells Fargo Foothill, 263 S.W.3d 468, 474 (Tex. App. 2008).

3. If Hawaii law were applicable, the same legal conclusion would follow. Haw. Rev. Stat. § 425E-404(a).

4. The Mano Management Trust, as the general partner of Mano-Y & M, is liable for Mano-Y & M's debts, including the Judgment Amount of **$425,775.89** owed to Plaintiff pursuant to the judgment against Mano-Y & M in Field v. Lindell.

5. Summary judgment should be granted in favor of Plaintiff and against The Mano Management Trust on Count I of the Complaint.

6. Because the Motion for Summary Judgment resolves Count I in its entirety, and because the allegations in Count I do not significantly overlap the allegations in the other Counts, there is no just cause for delay, and Plaintiff's Motion for Rule 54(b) Certification as to Count I should be granted so that Plaintiff may proceed with its efforts to recover upon its prior judgment.



/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 08/08/2013