
# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THE MORTGAGE STORE, INC.,<br><br>                Debtor. | Case No. 10-03454<br>Chapter 7 |
| DANE S. FIELD,<br><br>                Plaintiff,<br><br>    vs.<br><br>THE MANO MANAGEMENT TRUST, et al.,<br><br>                Defendants. | Adv. Pro. No. 12-90089<br><br><br><br><br><br>Re: Docket No. 73 |

## MEMORANDUM OF DECISION ON
## MOTION FOR PARTIAL SUMMARY JUDGMENT

      The plaintiff is a judgment creditor of a limited partnership. I have previously

ruled that the trust which is the general partner of the limited partnership is liable for

the judgment debt. The plaintiff now contends that, because the same individuals are the settlors, trustee, and current beneficiaries of the trust, the trust was never validly formed under Texas law and those individuals are also liable for the judgment debt. For the following reasons, I will deny the plaintiff's motion for summary judgment, without prejudice.

**Jurisdiction and venue.** The bankruptcy court has personal and subject matter jurisdiction. The bankruptcy court may lack constitutional authority to enter a final judgment, and the defendants have demanded a jury trial. Therefore, after all pretrial matters have been concluded, I will issue, for the district court's consideration, proposed findings of fact and conclusions of law and a recommended judgment on all dispositive motions that I have decided.

**Undisputed Facts.** The plaintiff ("TMS Trustee") is the bankruptcy trustee of The Mortgage Store, Inc. In Adv. No. 10-90146, this court entered a judgment in favor of the TMS Trustee against Mano-Y&M, Ltd., in the amount of $425,775.89. Mano-Y&M, Ltd., has not paid and cannot pay the judgment.

Mano-Y&M, Ltd., is a Texas limited partnership. Its general partner is The Mano Management Trust. In this adversary proceeding, I ruled that The Mano Management Trust is liable on the judgment against Mano-Y&M, Inc., because general partners are liable for partnership debts under Texas law, and The Mano

2

U.S. Bankruptcy Court - Hawaii   #12-90089   Dkt # 94   Filed 02/03/14   Page 2 of 8

Management Trust is the general partner of the judgment debtor. Dkt. 62. The district court entered judgment accordingly. Dkt. 70.

The Mano Management Trust is governed by an instrument dated August 16, 1999 (dkt. 74 at 32). Paulrajan Manoharan and Yalini Manoharan, husband and wife, are the "Trustmakers" (the settlors, in more conventional trust parlance) and trustees of The Mano Management Trust. The trust has a term of 51 years but can be revoked or amended with the consent of a majority in interest of the trust's beneficiaries. *Id.* at 33. According to Schedule "B" to the trust instrument, Dr. and Mrs. Manoharan are the "designated present beneficiaries" and their respective living trusts are the "designated remainder beneficiaries." *Id.* at 77. The remainder beneficiaries "are entitled to the designated share or interest in the trust upon the death of the beneficial owner." Each Trustmaker can amend or revoke the designation of that Trustmaker's remainder beneficiary. *Id.* at 41.

The instruments creating Dr. and Mrs. Manoharan's living trust are not part of the record. Dr. Manoharan testified in his declaration that the remainder beneficiaries under the living trusts are the descendants of Dr. and Mrs. Manoharan.

**Standard.** Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056. Summary judgment should be

3

granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Huey v. Honeywell, Inc.*, 82 F.3d 327, 334 (9th Cir. 1996) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

**Validity of Trust.** Under Texas law:

> If a settlor transfers both the legal title and all equitable interests in property to the same person or retains both the legal title and all equitable interests in property in himself as both the sole trustee and the sole beneficiary, a trust is not created and the transferee holds the property as his own. This subtitle does not invalidate a trust account validly created and in effect under Chapter XI, Texas Probate Code.

Tex. Prop. Code Ann. § 112.034 (West 2013).

The TMS Trustee argues that, by virtue of this provision, The Mano Management Trust was "not created" and that Dr. and Mrs. Manoharian hold the general partnership interest in Mano-Y&M, Inc., as their own. Dr. and Mrs. Manoharian make two arguments in response.

First, they argue that the statute only applies if "*a* settlor" creates a trust (emphasis added), while in this case there were two settlors. The TMS Trustee responds that the statute defines "person" to include "two or more persons having a joint or common interest," Tex. Prop. Code Ann. § 111.004(1)(A). He points out that the general partnership interests they contributed to the trust were community

4

U.S. Bankruptcy Court - Hawaii   #12-90089   Dkt # 94   Filed 02/03/14   Page 4 of 8

property under Texas law. The trust agreement provides that "a separate schedule of such property [separate property contributed to the trust] shall be maintained," but no such schedule exists. He argues that they therefore had a "joint or common interest."

I agree with the TMS Trustee, based on the plain language of the statutes. Dr. and Mrs. Manoharian do not deny that the partnership interests were community property. Under Texas law, each spouse has an undivided one-half interest in the community property, but has no right of survivorship. *Free v. Bland*, 369 U.S. 663, 664 (1962); *Magnolia Petroleum Co. v. Still*, 163 S.W.2d 268, 270 (Tex. Civ. App. 1942); *In re Norton*, 180 B.R. 168, 170 (Bankr. E.D. Tex. 1995). Thus, Texas community property is very similar to a tenancy in common. The spouses' interests in Texas community property are a "common interest" within the ordinary meaning of that phrase.

Second, they argue that the statute applies only if the settlor "retains *all* equitable interests" in the property and is the "*sole* beneficiary" of the trust (emphasis added). They point out that Dr. and Mrs. Manoharian did not retain "all equitable interests" and are not the "sole beneficiaries" of the trust because their respective living trusts are the designated remainder beneficiaries. The TMS Trustee argues that the remainder interests of the living trusts are not "vested"

5

U.S. Bankruptcy Court - Hawaii   #12-90089   Dkt # 94   Filed 02/03/14   Page 5 of 8

because Dr. and Mrs. Manoharian have the right to revoke or amend those designations. But the statute refers to "all equitable interests" and the "sole beneficiary." Importantly, the statute defines "interest" as "any interest, whether legal or equitable or both, present or future, *vested or contingent, defeasible or indefeasible*." Tex. Prop. Code Ann. § 111.004(6) (emphasis added). The unambiguous language of the statute provides that "all equitable interests" is not limited to vested interests.

Both parties cite *Moody v. Pitts*, 708 S.W.2d 930, 934 (Tex. App. 1986). In that case, Johnny died testate. His will made a direct bequest to Helen, his wife, and devised the remainder of his estate (which included certain real estate) to a trust. Helen was the lifetime beneficiary of the trust and their four children held the remainder interests. Three of the four children transferred their remainder interests in the real estate to Helen, but the fourth child, Jacqueline, refused to do so. Helen later transferred some of the real property to two of the children and their spouses. Jacqueline then sued Helen and her siblings to invalidate that transfer. The trial court ruled against Jacqueline, holding that the trust failed when the three children conveyed their interests in the trust property to Helen. The court of appeals reversed, observing that a trust terminates only when a single person holds both legal title to the property and the "entire beneficial interest." The court noted that

6

U.S. Bankruptcy Court - Hawaii   #12-90089   Dkt # 94   Filed 02/03/14   Page 6 of 8

the four children each had vested remainder interests in the trust and that, because Jacqueline refused to convey her interest to Helen, Helen did not hold the "entire beneficial interest." *Id*. at 934.

The TMS Trustee points out that the *Moody* court emphasized that Jacqueline's remainder interest was vested, in that its was a "fixed interest[] with a present right of future enjoyment with only the right of possession postponed until the ending of a particular estate." The *Moody* court did not have to consider whether the result would have been the same if Jacqueline's interest were contingent rather than vested. In other words, *Moody* holds that merger will not destroy a vested remainder interest; it does not hold that merger will destroy a contingent remainder. Even if one could logically draw a negative inference about contingent remainders from *Moody's* holding about vested remainders, a court should still follow the plain language of the statute which does not distinguish among the various kinds of equitable interests.

I therefore agree with the defendants on this point.

At the hearing on the motion, the TMS Trustee's counsel argued that The Mano Management Trust is illusory because the Manoharans have unfettered power to amend or terminate it and to change the beneficiaries' interests. Texas courts have retreated from the illusory trust doctrine, at least in some cases. *Westerfeld v.*

7

U.S. Bankruptcy Court - Hawaii    #12-90089    Dkt # 94    Filed  02/03/14    Page 7 of 8

*Huckaby*, 474 S.W.2d 189 (Tex. 1971). On the other hand, one should not be able to use a trust as a device to hinder, delay, or defraud creditors. It seems more than likely that the Manoharans created this trust in order to insulate themselves and their other assets from liabilities associated with the general partnership interests which they contributed to the trust. But the motion did not raise this argument and neither side has briefed it, so I make no ruling on it.

My reasoning assumes that the living trusts are valid. The record contains very little information about the living trusts. Therefore, I will deny the TMS Trustee's motion without prejudice.

The TMS Trustee also seeks leave to file an amended complaint asserting that Dr. and Mrs. Manoharan are liable for the judgment debt on the same theory as the TMS Trustee's motion presents. Because I have rejected that theory of liability, I will deny leave to amend at this juncture.

The court will hold a scheduling conference on February 14, 2014, at 10:00 o'clock a.m.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #12-90089   Dkt # 94   Filed  02/03/14   Page 8 of 8