**Date Signed:**
**September 17, 2014**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THE MORTGAGE STORE, INC.,<br><br>        Debtor. | Case No. 10-03454<br>Chapter 7 |
| DANE S. FIELD,<br><br>        Plaintiff,<br><br>  vs.<br><br>THE MANO MANAGEMENT<br>TRUST, et al.,<br><br>        Defendants. | Adv. Pro. No. 12-90089<br><br><br><br><br><br>Re: Docket No. 119 |

## MEMORANDUM OF DECISION ON MOTION
## FOR LEAVE TO JOIN DEFENDANTS AND AMEND COMPLAINT

The plaintiff ("TMS Trustee") is the bankruptcy trustee of The Mortgage Store, Inc., and a judgment creditor of an insolvent limited partnership. The TMS Trustee contends that the people in control of the limited partnership, in

participation with their affiliates and others, drained the limited partnership's assets. The TMS Trustee seeks to amend the complaint and join the other parties who the plaintiff contends are liable on the judgment. I will grant the TMS Trustee's motion.

I.  Background

In Adv. No. 10-90146, this court entered a $425,775.89 judgment in favor of the TMS Trustee against Mano-Y&M, Ltd. ("Mano-Y&M"). The district court affirmed the judgment. Mano-Y&M has not paid and admittedly cannot pay the judgment.

Mano-Y&M is a Texas limited partnership. Its general partner is The Mano Management Trust. Both entities are among a network of companies and other entities formed by Dr. Paulrajan Manoharan and his wife, Yalini Manoharan.

In this adversary proceeding, the TMS Trustee claims that Dr. and Mrs. Manoharan and various entities affiliated with them are liable to the TMS Trustee.

I previously ruled that The Mano Management Trust is liable on the judgment against Mano-Y&M because general partners are liable for partnership debts under Texas law, and The Mano Management Trust is the general partner of the judgment debtor. Dkt. 62. The district court entered judgment accordingly. Dkt. 70.

The TMS Trustee wishes to amend the complaint to add claims relating to the alleged dissipation of Mano-Y&M's assets and to join as defendants Willacy Investco, LLC, another of the Manoharans' companies, and John Mark Freeland, an attorney

2

for the Manoharans and their companies who allegedly participated in the allegedly wrongful conduct.

## II.     Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] A trial court may deny a rule 15 motion if amending the complaint would 1) prejudice the opposing party, 2) unduly delay the litigation, or 3) be futile because the amended complaint lacks merit.[2]

## III.    Discussion

The defendants argue that allowing amendment would prejudice some or all of them because it would result in delay. I disagree. The jury trial in district court is seven months away. The parties ought to be able to prepare the case in that time. There probably will be no need to redo any discovery that has already been completed, and the addition of the new defendants probably will not significantly increase the discovery and motions practice which would be required whether or not they are joined.

The defendants also argue the allowing the amendment would be futile. I do not agree. The TMS Trustee may or not prevail on all of his claims. The conspiracy

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

3

U.S. Bankruptcy Court - Hawaii   #12-90089   Dkt # 140   Filed 09/17/14   Page 3 of 4

and aiding and abetting claims are particularly novel. But I cannot say at this juncture that they are obviously going to fail and that allowing the amendment would be futile.

Therefore, the TMS Trustee's motion is GRANTED.

## END OF DECISION

4